**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    v.

CRE CAPITAL CORPORATION
and JAMES G. OSSIE,

        Defendants.

CIVIL ACTION NO.
1:09-CV-0114-RWS

## **ORDER**

This case is before the Court on Plaintiff's Motion for Default Judgment as to James G. Ossie [Dkt. No. 29], Defendant James Ossie's Motion to Set Aside Clerk's Entry of Default [Dkt. No. 32], and Defendant James Ossie's Motion to Stay [Dkt. No. 33]. After considering the entire record, the Court enters the following Order.

The parties appeared before the Court for a hearing on April 20, 2009. There, the Court heard arguments from the parties concerning whether Defendant Ossie was in violation of the Court's Order freezing assets. The Court also considered arguments from the SEC and from Ossie regarding

whether to enter a default judgment against Ossie and whether this civil action should be stayed due to the pending criminal action against Ossie.

## I. Violation of Court Order

The SEC applied for an Order to Show Cause why Defendant Ossie should not be held in civil contempt for failing to comply with the Court's Order freezing assets. [Dkt. No. 16]. The Court granted the application and ordered Ossie to appear on April 20, 2009. [Dkt. No. 31]. The purpose of the Show Cause Hearing was to address possible contempt on the part of Mr. Ossie. The Court's Order of January 15, 2009, stated:

> [P]ending entry of the Final Judgment in this matter, all assets of, or under the control of Defendants are frozen . . . Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them . . hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of either defendant.

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). "A party seeking civil contempt bears

2

the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992). "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." Id. "Parties subject to a court's order demonstrate an inability to comply only by showing that they have made 'in good faith all reasonable efforts to comply.'" Citronelle-Mobile, 943 F.2d at 1301 (quoting United States v. Ryan, 402 U.S. 530, 534, 91 S. Ct. 1580, 1583, 29 L. Ed. 2d 85 (1971)). To meet this burden, the contemnor must do more than merely assert an inability to comply. Id. Rather, the contemnor must "produce detailed evidence specifically explaining why he cannot comply" with the court's order. Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 740 (11th Cir. 2006). If, and only if, the alleged contemnor makes a sufficient evidentiary showing, then the burden shifts back to the party seeking contempt to prove the ability to comply. Wellington Precious Metals, 950 F.2d at 1529.

After considering the arguments and evidence presented to the Court, the Court concludes that Mr. Ossie did, indeed, violate the Court's Order of January

15, 2009 by selling his vehicle after the Court had ordered to freeze all assets. However, the Court finds that there is no need for further action on this violation, as the proceeds from the sale are now protected in a frozen account.

**II. Motion to Set Aside Default**

Defendant Ossie seeks to set aside the Default pursuant to Federal Rule of Civil Procedure 60(b) which allows relief from a judgment due to: "(1) mistake, inadvertence, surprise, or excusable neglect." "In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the Complaint." Florida Physicians Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). In considering the Motion, the Court also bears in mind that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Id.

Defendant asserts that he had agreed to negotiate with the SEC for ten (10) days before taking action in the case. The SEC did not begin to participate in negotiations pursuant to this agreement until the tenth day. Defendant also

4

asserts that meritorious defenses do exist in his case, subject to his current wishes to invoke the Fifth Amendment privilege with regard to pending criminal proceedings against him. The Court concludes that the default should be set aside in this case in order to give him a fair and just opportunity to defend himself against the SEC in this case. Plaintiff's Motion for Default Judgment as to James G. Ossie [29] is therefore **DENIED**, and Defendant James Ossie's Motion to Set Aside Clerk's Entry of Default [32] is **GRANTED**.

## III. Motion to Stay

Defendant Ossie also moves the Court to stay this proceeding pending the conclusion of the criminal charges being brought against him. [Dkt. No. 33] A district court has the discretion to stay proceedings otherwise properly before it; this authority is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); see also Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). A variety of factors may be considered when deciding whether

5

to stay a case in favor of related litigation, such as issues of docket control and principles of abstention. Ortega Trujillo v. Conover & Co. Comms., Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

The Court concludes that Defendant Ossie has not met his burden on this issue. The Court does not find that sufficient need has been shown for a stay in this case. For these reasons, the Court **DENIES** Defendant's Motion to Stay [Dkt. No. 33].

**IV. Conclusion**

Plaintiff's Motion for Default Judgment as to James G. Ossie [29] is hereby **DENIED**, Defendant James Ossie's Motion to Set Aside Clerk's Entry of Default [32] is hereby **GRANTED**, and Defendant James Ossie's Motion to Stay [33] is hereby **DENIED**.

**SO ORDERED**, this   27th   day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)